UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT J. WRIGHT,

    Petitioner,

v.                                              Case No. 06-C-1067

WILLIAM POLLARD, Warden,

    Respondent.

**ORDER ON RULE 4 REVIEW**

On October 12, 2006, the petitioner, Robert J. Wright ("Wright"), commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to Wright's petition, on March 8, 2001, a judgment of conviction was entered against Wright. Under the terms of that judgment, Wright received a sentence of fifty-three years (twenty-six years initial confinement and twenty-seven years extended supervision) stemming from his conviction for eight counts of armed robbery and one count of attempted armed robbery, all as a habitual offender, in violation of Wis. Stat §§ 943.32(2) and 939.62. With the assistance of the Wisconsin Court System web site, this court has determined that, subsequent to his conviction (to wit, on September 17, 2002), Wright filed a post-conviction motion, which was denied by the trial court on January 14, 2003. Thereafter, on January 27, 2003, Wright appealed his conviction and the denial of his post-conviction motion to the Wisconsin Court of Appeals. On November 26, 2003, the court of appeals issued a decision affirming Wright's conviction and the trial court's denial of his motion for post-conviction relief. *See State v. Wright*, 268 Wis.2d 694, 673 N.W.2d 386 (Ct. App. 2003). On February 24, 2004, the

Wisconsin Supreme Court denied Wright's petition for review.

Thereafter, on March 30, 2005, Wright filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals. On April 11, 2005, the court of appeals denied his petition. It would appear that Wright did not seek to have that decision reviewed by the Wisconsin Supreme Court.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

When I conduct the initial Rule 4 review of a habeas petition, one of the things I examine is whether, on the face of the petition, it appears to be timely filed. Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under 28 U.S.C. § 2244(d)(1)(A), Wright's state court judgment of conviction became final on May 25, 2004, i.e., the date on which, after direct review of his conviction was complete in Wisconsin courts, the time for Wright to file a petition for a writ of *certiorari* in the United States Supreme Court expired. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (holding that the ninety day period after a direct appeal during which a petition for a writ of *certiorari* may be filed by a state prisoner falls within the meaning of section 2244(d)(1)(A) for purposes of determining when the statute of limitations begins to run). Thus, the statute of limitations on his federal habeas corpus petition was set to expire on May 25, 2005.

However, as previously noted, on March 30, 2005, Wright filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals. On April 11, 2005, the court of appeals denied his petition. And, to reiterate, it would appear that Wright did not seek tho have that decision reviewed by the Wisconsin Supreme Court.

By the time Wright filed his petition for a writ of habeas corpus in state court on March 30, 2005, all but 56 days of the one-year statute of limitations had passed, i.e., from March 30 to May 25, 2005. Even assuming that the filing of that state habeas corpus petition tolled the running of the

federal habeas corpus statute of limitations under 28 U.S.C. § 2244(d)(2) (and the court is not at this time finding that it necessarily did), the statute re-commenced running sometime after April 11, 2005, when the court of appeals denied his petition. And, as noted, by the time the statute of limitation re-commenced running, only 56 days remained until it expired.

Given that Wright did not file his federal habeas corpus petition until October 12, 2006 (well more than one year after his state habeas corpus petition was denied by the Wisconsin Court of Appeals), this court is concerned that Wright's federal petition for a writ of habeas corpus may not have been timely filed. Rule 4 states that when conducting the initial examination of a habeas petition, if the petition is not summarily dismissed, "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." Therefore, before the court orders the respondent to answer Wright's petition, it will order the parties to submit briefs addressing only the issue of the timeliness of Wright's federal habeas corpus petition.

There are two additional matters to address. Accompanying Wright's federal habeas corpus petition was an application to proceed in forma pauperis in this action. According to that application, Wright has no assets. Furthermore, as of September 19, 2006, Wright had no money in his regular prison trust account and had only $3.58 in his release account. Thus, Wright is indigent. Moreover, although the court has some concerns about the timeliness of Wright's petition, I cannot say with any degree of certainty at this time that the allegations in his petition are frivolous. Thus, Wright's application to proceed in forma pauperis will be granted.

Also accompanying Wright's habeas petition was a letter addressed to Chief United States District Judge Rudolph T. Randa. In his letter, Wright states that he has no legal training and asks

4

the court to appoint an attorney to represent him in this action.  The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), allows the court to appoint counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254.  To do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible."  18 U.S.C. § 3006A(a)(2).  Furthermore, in determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself.  *Jackson v. County of McLean*, 953 F.2d 1070, 1071, 1072-73 (7th Cir. 1992).  Once a petitioner has established that his reasonable efforts to obtain counsel were unsuccessful, the court may consider a nonexhaustive list of five factors to determine whether "fundamental fairness" or due process concerns are implicated by a request for appointed counsel:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Jackson*, 953 F.2d at 1072.

Counsel may also be appointed in a habeas corpus proceeding pursuant to 28 U.S.C. § 1915(d).  Wright, however, has not demonstrated that he is entitled to appointment of counsel under either statute.  This is because section 1915(d) also requires a threshold inquiry into the indigent's efforts to secure counsel.  *Id.* at 1071.  This requires the indigent to disclose the names of attorneys, law firms, or legal services agencies he has contacted in an effort to secure representation and the dates of the contacts.  Wright's motion for appointment of counsel does not include any such information.  Additionally, at this juncture of the proceedings, that is, based on Wright's petition, it appears that he is competent to litigate his petition himself and that the presence of counsel will

5

not be outcome determinative. *See Farmer v. Hass*, 990 F.2d 319, 322 (7th Cir. 1993). Consequently, the petitioner's motion for appointment of counsel will be denied without prejudice.

**NOW THEREFORE IT IS ORDERED** that Wright's application to proceed in forma pauperis be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Wright's motion for appointment of counsel be and hereby is **DENIED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that <u>on or before December 1, 2006</u>, the respondent shall file a brief addressing the timeliness of Wright's federal habeas corpus petition;

**IT IS FURTHER ORDERED** that <u>on or before January 1, 2007,</u> the petitioner shall file a brief in response to the respondent's brief addressing the timeliness of his federal habeas corpus petition.

**SO ORDERED** this <u>20th</u> day of October 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

6